```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENDA P. WILLIAMS              :    CIVIL ACTION
                                :
        v.                      :
                                :
ORIX FINANCIAL SERVICES, INC.;  :
ORIX CREDIT ALLIANCE, INC.;     :
LIBERTY KENWORTH HINO-TRUCK     :
SALES, INC.; and LOUIS SMOLLEY  :    NO. 06-02431-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                September   , 2006

Plaintiff, Brenda P. Williams, allegedly purchased a used tractor-trailer truck from the defendant Liberty Kenworth Hino-Truck Sales, Inc., in Pennsylvania, and financed the purchase through the defendant finance companies ("ORIX"). Plaintiff contends that the defendants violated her legal rights in various ways, including charging usurious interest, and violating various provisions of the Pennsylvania Motor Vehicle Sales Finance Act ("MVSA") and the Federal Fair Debt Collection Practices Act. A suit previously filed by ORIX against Plaintiff is pending in New York state court.

Defendants ORIX and Louis Smoley have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2),(3), and (6). It does not appear that Defendant Liberty Kenworth has been served.

Moving Defendants argue first that this Court lacks personal jurisdiction over them. As to Mr. Smoley, this appears

to be true and Plaintiff does not oppose dismissing the claims against him. ORIX, however, is amenable to suit in this District.

Defendants next argue that venue properly lies in New York because the parties agreed to litigate there. The security agreement that Plaintiff signed provides, in capital letters and bold-face type, that the parties agree to the exclusive venue and jurisdiction of the New York courts in connection with any action related directly or indirectly to the truck purchase. Forum-selection clauses are generally enforceable, and Plaintiff's arguments for remaining in this Court are not persuasive.

Plaintiff asserts, without citation, that the clause is unenforceable under the MVSFA; however, that statute contains no such provision. See 69 P.S. §§ 601-637. Plaintiff also contends, again without support, that it would be unjust to enforce the forum-selection clause, in part because "the cost of everything" in New York is much higher, including the cost of obtaining an attorney. Plaintiff, a New Jersey resident, has not provided a basis for disregarding the forum-selection clause, and the case will be dismissed pursuant to Rule 12(b)(6). See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001). Because I conclude that the action should be litigated in New York, I do not reach Defendants' remaining arguments for dismissal.

An Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENDA P. WILLIAMS                :    CIVIL ACTION
                                  :
         v.                       :
                                  :
ORIX FINANCIAL SERVICES, INC.;    :
ORIX CREDIT ALLIANCE, INC.;       :
LIBERTY KENWORTH HINO-TRUCK       :
SALES, INC.; and LOUIS SMOLLEY    :    NO. 06-02431-JF
```

ORDER

AND NOW, this      day of September 2006, upon consideration of Defendants' Motion to Dismiss, and the opposition thereto,

IT IS ORDERED that the Motion is GRANTED.  The case is DISMISSED WITHOUT PREJUDICE to Plaintiff's ability to litigate the dispute in New York.  The Clerk is directed to mark the case-file CLOSED.

                                  BY THE COURT:


                                  _____
                                  Fullam,         Sr. J.

4